JOURNAL ENTRY AND OPINION
{¶ 1} This is a consolidated appeal for case numbers 84687, 84688, and 84689. Defendant-appellant Darnell Smith ("Smith") appeals from the decision of the Cuyahoga County Court of Common Pleas that denied Smith's post-sentence motion to withdraw guilty plea. Finding no error in the proceedings below, we affirm.
 {¶ 2} The following facts give rise to this appeal. Smith was indicted in three separate cases. The first case charged Smith with one count of possession of drugs, a felony of the fifth degree. The second case charged Smith with one count of possession of drugs, a felony of the second degree; one count of trafficking in drugs with a schoolyard specification, a felony of the first degree; and one count of possession of criminal tools, a felony of the fifth degree. The third case charged Smith with one count of drug trafficking with a schoolyard specification, a felony of the second degree; one count of possession of drugs, a felony of the first degree; and one count of possession of criminal tools, a felony of the fifth degree.
 {¶ 3} On December 16, 2003, Smith's attorney met with Assistant County Prosecutor Timothy Miller ("Miller"), the head of the criminal division. Smith's attorney was informed that Smith was a suspect in a federal drug conspiracy investigation stemming from one of his state cases. Miller explained that the U.S. Attorneys in charge of the federal case would be satisfied with a resolution in state court. The plea agreement would require a six-year agreed sentence. Smith's attorney confirmed this information with the U.S. Attorneys and advised his client that it was in his best interest to accept the plea.
 {¶ 4} At the plea hearing, the court was informed of the facts surrounding the plea agreement and held a Crim.R. 11 hearing. The prosecutor outlined the plea as stated: In the first case, Smith would plead guilty to possession of drugs; in the second case, Smith would plead guilty to trafficking in drugs with a schoolyard specification; and in the third case, Smith would plead guilty to trafficking in drugs with a schoolyard specification. Finally, Smith would agree to a six-year sentence without early release, and the remaining counts against him would be dismissed.
 {¶ 5} At the sentencing hearing, Smith indicated that he understood his rights and wanted to waive his rights and enter pleas of guilty to the charges outlined by the prosecutor. Smith pled guilty, and the court sentenced him to six years in prison. Smith was allowed to remain out on bond for over four weeks in order to get his affairs in order.
 {¶ 6} A month later, on January 13, 2004, Smith filed a motion to withdraw his guilty plea, claiming it was not voluntarily entered. The court held a hearing wherein Smith's attorney argued that Smith was "basically threatened into taking this plea, and was given practically no chance to thoroughly reflect on this, and basically had to make a life-altering decision right at that moment on December 16th."
 {¶ 7} The court addressed Smith, and Smith indicated that he had changed his mind because he did not think he was involved in the federal conspiracy case. The court denied Smith's motion to withdraw his guilty plea. The court stated that Smith had not met the standard to withdraw his guilty plea and, furthermore, that it was clear at the plea hearing that Smith understood the ramifications of the plea and clearly agreed to it. Finally, the court explained that according to Ohio law, changing one's mind is not sufficient reason to withdraw a plea of guilt.
 {¶ 8} Smith appeals the court's decision and advances one assignment of error for our review.
 {¶ 9} "The trial court erred in its denial of appellant's motion to withdraw guilty plea."
 {¶ 10} Appellate review of an order denying a post-sentence motion to withdraw a guilty plea is limited to a determination of whether the trial court abused its discretion. See State v. Smith (1977), 49 Ohio St.2d 261, paragraph two of the syllabus. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies the court's attitude is unreasonable, arbitrary or unconscionable * * *." State v. Adams (1980),62 Ohio St.2d 151.
 {¶ 11} After a defendant has been sentenced, a court may permit withdrawal of a plea under Crim.R. 32.1 only to correct a manifest injustice. State v. Caraballo (1985), 17 Ohio St.3d 66, 67. The defendant has the burden of establishing that an injustice occurred. Smith, supra, 49 Ohio St.2d at paragraph one of the syllabus.
 {¶ 12} In State v. Sneed, Cuyahoga App. No. 80902, 2002-Ohio-6502, this court stated the following: "A manifest injustice is defined as a `clear or openly unjust act.' Another court has referred to it as `an extraordinary and fundamental flaw in the plea proceeding.' Again, `manifest injustice' comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." (Internal citations omitted.)
 {¶ 13} In this case, Smith fails to show a manifest injustice. Smith told the court, after a month of reflection, that he did not think he was involved in the federal conspiracy case and therefore wanted to withdraw his plea. However, according to the record, the federal conspiracy case stemmed from one of the state cases, to which Smith readily pled guilty in December, and to which Smith planned to plead guilty when he arrived that day. His attorney indicated on the record that he "fully anticipated working something out on that case [the most serious case]. There was a minimum three year sentence involved. I did anticipate working something out." There is no indication in the record that Smith planned to challenge the charges or take any of his three cases to trial, but rather planned to plead to a reasonable offer, which is what occurred in this case.
 {¶ 14} Smith's attorney argued at the plea withdrawal hearing that he was shocked and surprised when he was approached by Miller and informed of the pending federal indictment and that, as a result, Smith was "forced" into pleading guilty, that day, in order to avoid federal prosecution. Further, Smith complains that the plea was involuntary because the plea offer was available only that day.
 {¶ 15} We note that "[t]he state is not constitutionally required to plea bargain." Weatherford v. Bursey (1977), 429 U.S. 545; State v.Jackson (1977), 50 Ohio St.2d 253. Further, "[c]onsiderable latitude is afforded the prosecutor in proposing plea agreements to defendants."Bordenkircher v. Hayes (1978), 434 U.S. 357. "Thus the state is not required to offer anything to a defendant and can withdraw an offer at any time." Mabry v. Johnson (1984), 467 U.S. 504. Finally, an individual who enters a plea of guilty has no right to withdraw it. State v.Peterseim (1980), 68 Ohio App.2d 211, 213.
 {¶ 16} After a review of the entire record, we find that Smith was not forced nor coerced into pleading guilty. Smith was offered a "package deal" in the three state cases in order to avoid indictment in federal court. The federal case would have exposed Smith to a longer prison term than the state cases. Smith was already facing a mandatory prison term of at least three years in just one of the cases. Furthermore, the record reflects that this was not Smith's first encounter with the criminal justice system; therefore, the minimum sentence was not a certainty. It was not unreasonable for Smith and his attorney to conclude that a six-year sentence was better than facing federal charges and higher penalties. Smith's change of heart is insufficient justification for withdrawal of his plea. See State v. Wiggins (Nov. 29, 2001), Cuyahoga App. No. 78569. Therefore, we find that the trial court did not abuse its discretion when it denied Smith's motion to withdraw his guilty plea.
 {¶ 17} Smith's sole assignment of error is overruled. Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Cooney, J., concur.