JOURNAL ENTRY AND OPINION
{¶ 1} On May 12, 2005, Darnell Smith applied, pursuant to App.R. 26(B), to reopen this court's judgment in State v. Darnell Smith,
Cuyahoga App. Nos. 84687, 84688, and 84689, 2005-Ohio-513, which affirmed the denial of Smith's motions to withdraw guilty pleas in the underlying cases, State v. Darnell Smith, Cuyahoga County Common Pleas Court Case Nos. CR-443109, 437512, and 434529. For the following reasons, this court denies the application.
 {¶ 2} Smith argues that his appellate counsel was ineffective for not arguing the following: His trial counsel was ineffective for not adequately investigating and discovering exculpatory evidence; trial counsel improperly allowed the threat of a federal prosecution to coerce Smith into pleading guilty;[1] and Ohio's sentencing scheme is unconstitutional pursuant to Blakely v. Washington (2004), 124 S.Ct. 2531,159 L.Ed.2d 403, and United States v. Booker (2005), 125 S.Ct. 738,160 L.Ed.2d 621.
 {¶ 3} First, Smith admits that his trial counsel and his appellate counsel were the same individual. Because an attorney cannot be expected to argue his own incompetence during a trial, an appellate counsel who was also trial counsel is not ineffective for failing to argue the ineffectiveness of trial counsel. State v. Lambrecht (1989),58 Ohio App.3d 86, 568 N.E.2d 743; State v. Stovall (Jan. 22, 1998), Cuyahoga App. No. 72149, reopening disallowed, (Feb. 10, 1999), Motion No. 98564; State v. Viceroy (May 20, 1996), Cuyahoga App. No. 68890, reopening disallowed (Mar. 25, 1999), Motion No. 1910; State v. Fuller
(Nov. 8, 1993), Cuyahoga App. Nos. 63987 and 63988, reopening disallowed (Oct. 14, 1994), Motion No. 56538; and State v. Scott (Sept. 7, 1995), Cuyahoga App. No. 67148, reopening disallowed (Jan. 28, 1998), Motion No. 83321.
 {¶ 4} Moreover, appellate counsel is not deficient for failing to anticipate developments in the law or failing to argue such an issue.State v. Williams (1991), 74 Ohio App.3d 686, 600 N.E.2d 298; State v.Columbo (Oct. 7, 1987), Cuyahoga App. No. 52715, reopening disallowed (Feb. 14, 1995), Motion No. 55657; State v. Munici (Nov. 30, 1987), Cuyahoga App. No 52579, reopening disallowed (Aug. 21, 1996), Motion No. 71268, at 11-12: "appellate counsel is not responsible for accurately predicting the development of the law in an area marked by conflicting holdings." State v. Harey (Nov. 10, 1997), Cuyahoga App. No. 71774, reopening disallowed (July 7, 1998), Motion No. 90859; State v. Sanders
(Oct. 20, 1997), Cuyahoga App. No. 71382, reopening disallowed, (Aug. 25, 1998), Motion No. 90861; State v. Bates (Nov. 20, 1997), Cuyahoga App. No. 71920, reopening disallowed (Aug. 19, 1998), Motion No. 91111; and State v. Whittaker (Dec. 22, 1997), Cuyahoga App. No. 71975, reopening disallowed, (July 28, 1998), Motion No. 92795.
 {¶ 5} The ramifications of Blakely and Brooks have yet to be fully determined, and, thus, the area of sentencing is very much a developing area of the law. This is especially true as to the application ofBlakely to agreed sentences as part of a guilty plea bargain. Thus, Smith's counsel was not deficient in avoiding this argument.
 {¶ 6} Next, an application to reopen pursuant to App.R. 26(B) is the wrong remedy. Subsection (B)(1) states the remedy's scope: "A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel." This application is not really an effort to reopen the appeal of a conviction and sentence. It is an effort to reopen the appeal of a denial of a motion to withdraw the guilty plea, and, thus, is beyond the scope of App.R. 26(B). In State v.Halliwell (Dec. 30, 1996), Cuyahoga App. No. 70369, reopening disallowed (Jan. 28, 1999), Motion No. 70369, this court ruled that App.R. 26(B) does not apply to appeals from an adverse ruling on a motion to vacate a guilty plea. See, also, State v. White (Jan. 7, 2002), Cuyahoga App. No. 78190, reopening disallowed (May 13, 2004), Motion No. 357536; State v.Shurney (Mar. 10, 1994), Cuyahoga App. No. 64670, reopening disallowed (May 15, 1995), Motion No. 60758 — App.R. 26(B) applies only to the direct appeal of a criminal conviction; it does not apply to subsequent postconviction proceedings, including motions to vacate sentence and hearings to determine the propriety of guilty pleas; and State v.Loomer, 76 Ohio St.3d 398, 1996-Ohio-59, 667 N.E.2d 1209, — App.R. 26(B) applies only to appeals from the judgment of conviction and sentence and not other collateral matters arising in a criminal case, including the reversal of a motion to dismiss.
 {¶ 7} To the extent that Smith bases his application on matters outside the record, his arguments are ill-founded. Appellate review is strictly limited to the record. The Warder, Bushnell Glessner Co. v.Jacobs (1898), 58 Ohio St. 77, 50 N.E. 97; Carran v. Soline Co. (1928), 7 Ohio Law Abs. 5 and Republic Steel Corp. v. Sontag (1935), 21 Ohio Law Abs. 358. Thus, "a reviewing court cannot add matter to the record that was not part of the trial court's proceedings and then decide the appeal on the basis of the new matter. See State v. Ishmail (1978),54 Ohio St.2d 402, 377 N.E.2d 500. Nor can the effectiveness of appellate counsel be judged by adding new matter to the record and then arguing that counsel should have raised these new issues revealed by the newly added material." State v. Moore, 93 Ohio St.3d 649, 650, 2001-Ohio-1892,758 N.E.2d 1130. "Clearly, declining to raise claims without record support cannot constitute ineffective assistance of appellate counsel."State v. Burke, 97 Ohio St.3d 55, 2002-Ohio-5310, ¶ 10, 776 N.E.2d 79.
 {¶ 8} Accordingly, this court denies Smith's application to reopen.
Sweeney, P.J., Concurs Kilbane, J., Concurs.
[1] In the underlying cases the Grand Jury indicted Smith for various drug offenses, including trafficking in drugs with a schoolyard specification. The county prosecutor informed Smith's lawyer that the U.S. Attorney was investigating Smith for a federal drug conspiracy charge but would be satisfied with a resolution in state court which would include a six-year sentence. "Smith's trial attorney confirmed this information with the U.S. Attorneys and advised his client that it was in his best interest to accept the plea." Smith, supra, ¶ 3. Smith now asserts that the federal authorities had no intention of indicting him, and thus, his plea was involuntary.