JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff, the State of Ohio, appeals the trial court's dismissal of the case against defendant-appellee Francisco Borrero for failure to comply with the speedy trial statute. At issue in this case is whether the statutory time is extended by a state's demand for reciprocal discovery.
 {¶ 2} On May 1, 2002, defendant was arraigned on two counts of drug trafficking, one count of drug possession, and one count of possessing criminal tools. Not in jail initially after his arraignment, he failed to appear for a July 9, 2002 pretrial. The court issued a capias for him, and he was arrested on August 13, 2002. He remained in jail until January 31, 2003, when he was released on a personal bond. Between August 13 and January 31, defendant had spent 171 days in jail.
 {¶ 3} On May 8, 2002, prior to being jailed, defendant had filed a discovery request, along with a request for a Bill of Particulars. The state responded to both requests on May 21st
and attached its own discovery requests to that response. Defendant never responded to the state's discovery requests.
 {¶ 4} The first pretrial was held on May 15th and continued, at defendant's request, until May 23rd. That pretrial was held and again continued until June 6 at defendant's request. On June 11, 2002, the state supplemented its discovery response to defendant. The June 6th pretrial was held and continued, at defendant's request, until June 24th; the June 24th pretrial was held and continued, again at defendant's request, until July 9th. As previously noted, defendant did not appear at the July 9th pretrial and a capias was issued against him. He was arrested and held on August 13th.[1]
 {¶ 5} The record shows no activity on the case until a pretrial held on January 31, 2003, at which time the court released defendant from jail and continued the pretrial until February 3, 2003 "at the request of the state and the court." On February 3, 2003, the court issued an order stating, "DEFENDANT TO FILE MOTION TO DISMISS ON GROUNDS OF SPEEDY TRIAL ON OR BEFORE FEBRUARY 10, 2003. STATE TO RESPOND ON OR BEFORE FEBRUARY 18, 2003. SET FOR HEARING ON SPEEDY TRIAL ON FEBRUARY 24, 2003." (Caps in original.)
 {¶ 6} After reading the motions and holding the hearing, the court granted defendant's motion to dismiss and stated, saying in pertinent part, "THE STATUTE DOES NOT RECOGNIZE THE TOLLING OF TIME ON MOTIONS FILED BY THE STATE. IT IS ONLY ON [sic] FILING OF MOTIONS BY THE DEFENDANT THAT WOULD TOLL TIME. SEE STATE V. BROWN (DEC. 23, 2002, 198 OHIO ST3 121 [sic]." The state timely appealed stating two assignments of error, which are interrelated and will be addressed together:
 {¶ 7} The trial court erred in granting defendant's motion to dismiss because speedy trial time was tolled pursuant to R.C.2945.72(E) by the defense filing of discovery motions.
 {¶ 8} The trial court erred in granting defendant's motion to dismiss because speedy trial time was tolled pursuant to R.C.2945.72(D) by the neglect of the defendant in failing to answer the state's motion for discovery.
 {¶ 9} The state argues that the trial court miscalculated the amount of speedy trial time which was tolled, because the trial court did not toll the time following the state's discovery requests to defendant. The state served defendant with its discovery requests on May 21, 2002. The state argues, first, that the speedy trial time was tolled, pursuant to 2945.72(E), from the time defendant filed his discovery request of the state and continued because defendant never answered the state's discovery requests. Alternatively, the state argues that defendant's failure to respond to the state's discovery requests tolled the time under section (D) of the statute and resulted in a delay charged to defendant.
 {¶ 10} When reviewing a speedy trial question, the appellate court must count the number of delays chargeable to each side and then determine whether the number of days not tolled exceeded the time limits under R.C. 2945.71. State v. Barnett, Fayette App. No. CA2002-06-011, 2003-Ohio-2014. The question of whether the trial court's ruling on the speedy trial question was correct is a mixed question of law and fact. Id. The appellate court gives due deference to the trial court's findings of fact so long as those findings are supported by competent, credible evidence. Id. Nonetheless, the appellate court must review whether the court applied the law to the facts properly. Id. Furthermore, this court must construe the statutes strictly against the state when reviewing the legal issues in a speedy trial claim. Brecksvillev. Cook (1996), 75 Ohio St.3d 53.
 {¶ 11} The statutes governing speedy trial are found in R.C. Chapter 2945. The amount of time allocated for a speedy trial is found in R.C. 2945.71, which states in pertinent part:
 {¶ 12} (C) A person against whom a charge of felony is pending:
 {¶ 13} * * *
 {¶ 14} (2) Shall be brought to trial within two hundred seventy days after the person's arrest.
 {¶ 15} * * *
 {¶ 16} (E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. * * *
 {¶ 17} A defendant may be incarcerated, therefore, for a maximum of 90 days unless the time is tolled by one of the exceptions listed in R.C. 2945.72, which states in pertinent part:
 {¶ 18} The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
 {¶ 19} * * *
 {¶ 20} (C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned byany lack of diligence in providing counsel to an indigent accusedupon his request as required by law;
 {¶ 21} (D) Any period of delay occasioned by the neglect or improper act of the accused;
 {¶ 22} (E) Any period of delay necessitated by reason of aplea in bar or abatement, motion, proceeding, or action made orinstituted by the accused * * *. (Emphasis added.)
 {¶ 23} At his arraignment, defendant was assigned Ken Finley as counsel. The record shows, however, that Mr. Finley received payment for his services on July 17, 2002. The record then shows no counsel activity until February 10th. In a later judgment entry on February 24, 2003, the court appointed Thomas Rein to represent defendant, although Mr. Rein had filed a motion to dismiss on February 10, 2003, before his appointment by the court was journalized.
 {¶ 24} The record is silent as to whether or not Mr. Finley continued in his representation of defendant after the time he had been paid for his services.[2] The file contains no indication that anyone did anything in the case after defendant was arrested on August 13, 2002 until Mr. Rein filed his motion to dismiss in February. Unless Mr. Finley's representation ended at some point, the court would not have appointed Mr. Reins to represent defendant.
 {¶ 25} This court is working from a duplicate file provided by the common pleas court. Neither the docket nor the actual pleadings show that Mr. Finley ever submitted his affidavit for compensation. Nor does the record contain any motion to withdraw as counsel. Nonetheless, he was paid $604.25 on July 17, 2002.
 {¶ 26} Loc.R. 33 does not provide for an attorney to be paid for his services before the completion of his representation. This rule states in pertinent part:
 {¶ 27} (D) As a general rule, only one attorney shall be assigned to render professional services as to all of an indigent defendant's pending cases. The attorney's assignment shall continue until all of defendant's pending cases are disposed of.
 {¶ 28} Loc.R. 33, part I, § B. The rule goes on to say:
 {¶ 29} Such assigned counsel shall receive compensation for professional services and shall be reimbursed for expenses in accordance with R.C. 2941.51. In all such cases and uponcompletion of the service, it shall be the duty of such assigned counsel to submit a completed affidavit and entry for assigned counsel fees.
 {¶ 30} Loc.R. 33, part II, § D, emphasis added.
 {¶ 31} Without evidence to the contrary, we presume that Mr. Finley's representation of defendant ended on or before July 17, 2002, and that Mr. Rein's representation began no earlier than February 2003, when he filed the motion to dismiss. Defendant was, therefore, without counsel for over six months.
 {¶ 32} The Sixth Amendment to the United States Constitution guarantees a defendant the right to be represented by counsel.Alabama v. Shelton, (2002), 535 U.S. 654, 661. Crim.R. 44 requires the court to appoint counsel to defendants who cannot obtain counsel on their own. Further, the rule requires that a defendant have assistance of counsel throughout the proceedings. Crim.R. 44(A) states in pertinent part:
 {¶ 33} Where a defendant charged with a serious offense is unable to obtain counsel, counsel shall be assigned to represent him at every stage of the proceedings from his initial appearance before a court through appeal as of right, unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel. Emphasis added.
 {¶ 34} From July 17, 2002 to February 10, 2003, however, defendant was not represented. Crim.R. 44(A), which mandates representation at every stage of the proceedings, therefore, was violated.
 {¶ 35} The speedy trial statute tolls the time if defendant is without counsel, but only under certain conditions.
 {¶ 36} The purpose of the speedy trial statute is to implement the constitutional protection of the right to a speedy trial. Such protection would be of little value if the court could delay the date of trial well beyond the statutory limit merely by neglecting to appoint counsel until the date of trial, when inevitably a continuance would be needed to allow appointed counsel time to prepare. R.C. 2945.72(C) specifically states that the time period may be extended if delay is necessitated by the accused's lack of counsel. However, this applies only when thedelay is not a result of the lack of diligence in providingcounsel. (Emphasis added.)
 {¶ 37} Columbus v. Bonner (1981), 2 Ohio App.3d 34, 36.
 {¶ 38} Under R.C. 2945.72, there are three relevant causes of delay that result in extending a speedy trial period. Under section (C), there must be proof of delay "occasioned by anylack of diligence in providing counsel upon "defendant'srequest. In the case at bar, we do not know why counsel left and new counsel was retained. The record demonstrates, however, that the court appointed the first attorney as well as the second. The record does not demonstrate "any lack of diligence" by defendant in obtaining counsel.
 {¶ 39} A second type of delay under R.C. 2945.72 (D) is"occasioned by" defendant's "neglect or improper act." At issue in this case is whether defendant's failure to answer a discovery request constitutes "neglect or improper act." Crim.R. 16 spells out the duty of the court when the prosecutor makes a reciprocal request for discovery and also moves the court for an order. Implicitly, the defendant has a duty to formally respond under an order to compel. In the case at bar the state did not file an order to compel. Crim.R. 16 does not state, however, any duty of the court, and thereby does not imply any duty of defendant, when the state makes no motion for an order to compel. Moreover, absent any order, the Criminal Rules do not require defendants to file any formal acknowledgment when they respond to a request for discovery. Therefore, without an order, it cannot be determined from the record that a defendant has failed to respond informally to reciprocal discovery.
 {¶ 40} Further, the specific discovery requested in this case was for evidence defendant intended to produce at trial.[3]
This request is essentially directed at counsel since it entails trial decisions regarding the introduction of evidence. Clearly defendant could not respond to such a request without the aid of counsel. When the motion was filed, defendant had counsel. It was possible, however, that defendant had no information that satisfied the request at this point in time, since no trial date had been set. Again, absent an order, the Criminal Rules do not require defendant to formally acknowledge that it has no information that would satisfy the Prosecutor's request. In other words, it is impossible to know from the record whether defendant in the case at bar either responded informally to the prosecutor's request or perhaps had nothing to provide, at least not until new counsel was appointed. Without a clear indication in the record that defendant did not respond in any form to the prosecutor's request and, in fact, had the information requested, we cannot even begin to say that there was "any period of delayoccasioned by the neglect * * * of the accused." Nor can we attribute neglect to a defendant for any period when he is without counsel, especially when the state has neither taken any action to alert the court of this violation of his rights nor moved to compel.
 {¶ 41} The remaining type of delay under R.C. 2945.72 (E) is "necessitated by reason of a plea in bar or abatement, motion,proceeding, or action made or instituted by the accused * * *." (Emphasis added.) The defendant in the case at bar took no action except to request discovery. The state argues that this request is the triggering device that prompted the state to request reciprocal discovery, and the failure to respond to that request caused the delay. We disagree.
 {¶ 42} The state's argument that the delay was instituted by the defendant's initial discovery request, coupled with defendant's failure to respond to the state's reciprocal request for discovery, is too tenuous. The defendant's request merely established a condition, not a necessary sequence of events, because the state was not required to make any request. It chose to do so.
 {¶ 43} First, we note that no trial date was ever set, nor is there anything in the record to explain why. A delay is usually measured against some goal. For example, in the case at bar there were a number of continuances, granted at the request of defendant, that postponed pre-trials. The speedy trial time would be tolled during those continuances. So too would the time be tolled from the day defendant failed to appear for a pre-trial on July 9 until he surrendered on August 13. Obviously his absence delayed all pre-trials. Without a trial date, however, it is difficult to establish any other delays.
 {¶ 44} Secondly, assuming there was a delay, defendant's failure to respond was not its sole or primary cause. There is no question that the burden of going forward rested with the state. If the delay was caused by the failure to receive information, the state had within its power the tools to remedy that delay: Crim.R. 16(C). The record indicates, however, that the state made no motion to compel. Nor did the state provide evidence that the information it sought was necessary for its case. In other words there is no evidence that proceedings were delayed because of defendant's lack of a response.
 {¶ 45} The state cites a recent case in which the Ohio Supreme Court ruled that "a demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E)."State v. Brown (2002), 98 Ohio St.3d 121; 2002-Ohio-7040, ¶ 26. In Brown, however, the Court addressed the effect of only the defendant's demand for discovery on the speedy trial time. The state did not make any request.
 {¶ 46} Various courts have said that the time continues to be tolled until defendant supplies the requested discovery information. State v. Litteral (Jan. 4, 1999), Fayette App. No. CA98-02-022 (a motion to compel was filed); State v. Stewart
(Sept. 21, 1998), Warren App. No. CA98-03-021 (a motion to compel was filed and a trial date was set); State v. Larsen (Mar. 22, 1995), Medina App. No. C.A. No. 2363-M (the trial was rescheduled 6 times); State v. Christopher (Dec. 1, 1988), Cuyahoga App. No. 54331, 1988 Ohio App. LEXIS 4732 (a trial date was set);Village of Chagrin Falls v. Vartola (Apr. 2, 1987), Cuyahoga App. Nos. 51571 51572 (a trial date was set). In all these cases either a trial date was set or a motion to compel was filed. More importantly, none of these cases indicates that the defendant was without counsel while the speedy time was tolled. In the case at bar, however, defendant was without counsel, the state never filed a motion to compel, and a trial date was never set. Under these circumstances, we find that the time did not continue to be tolled.
 {¶ 47} It would be a violation of defendant's constitutional rights to charge defendant for the time during which he failed to respond to the prosecutor's reciprocal discovery request and during which he was denied his right to assistance of counsel because the state failed to exercise diligence in providing counsel to defendant. We, therefore, find that defendant was incarcerated well beyond the speedy trial time. Accordingly the trial court's dismissal of the case against him is affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J., concurs in judgment only;
 Gallagher, J., concurs in judgment only with separateconcurring opinion.
[1] Because defendant was available yet failed to appear for pre-trial on July 9, 2002, 36 days are charged against defendant for the time from of July 9, 2002 through August 13, 2002.
[2] According to the docket, Mr. Finley submitted his fee bill on July 15, 2002; on July 17, 2002 the court ordered that his costs be allowed. Neither the bill nor the affidavit supporting the bill is in the record.
[3] The state's motion, captioned: DEMAND FOR DISCOVERY BY THE STATE OF OHIO, Criminal Rule 16 requested:
1. All photographs, papers, books, documents, tangible objects, or copies or portions thereof, * * * which the defendant intends to introduce in evidence at the trial.
2. All results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, * * *. All names and addresses of witnesses that the defendant intends to call at the trial. (Emphasis added.)