JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Jorge Canales ("appellant") appeals from the trial court's denial of his motion to dismiss for violation of speedy trial. For the reasons stated below, we affirm.
 {¶ 2} On October 15, 2001, appellant was placed on probation for possession of drugs.[1] On January 22, 2003, the court, upon request from appellant's probation officer Tracey McCorry ("McCorry"), issued a capias for appellant because of his failure to report to McCorry at any time since December 3, 2002.[2]
 {¶ 3} On May 1, 2003, appellant was arrested on drug related charges in the present case[3] and for the probation violation in Case No. CR-410600. On July 10, 2003, he was indicted on a tencount indictment, including drug possession, drug trafficking, and possession of criminal tools. On July 14, 2003, appellant was arraigned and pled not guilty.
 {¶ 4} On October 6, 2003, appellant filed a motion to dismiss for violation of speedy trial, arguing that he was never given notice that he was being held for his probation violation as well as the drug charges. Therefore, his time under R.C. 2945.71 should have been accelerated to run three-for-one. The state argues that appellant was informed verbally that he was being booked on both charges, therefore his R.C. 2945.71 time did not accelerate but ran one-for-one until the time of his plea. On December 19, 2003, the court held a hearing on the matter and denied appellant's motion.
 {¶ 5} On January 12, 2004, appellant entered into a plea agreement where he pled no contest to the charges, as amended, to an amount between ten and fifty unit doses. On February 12, 2004, the court conducted a sentencing hearing and sentenced appellant to a total term of three years incarceration.
 {¶ 6} It is from the court's denial of his motion to dismiss that appellant advances two assignments of error for our review.
 I. {¶ 7} In his assignments of error, appellant argues that "the state of Ohio failed to bring [him] to trial with the time period prescribed in R.C. 2945.71 where a valid probation holder did not exist" and "the trial court erred in concluding that the probation violation capias tolled the time period prescribed in R.C. 2945.71." On both assignments of error, we disagree.
 {¶ 8} The standard of review in speedy trial cases is to count the days as directed in R.C. 2945.71, et seq. Id.; State v. DePue (1994),96 Ohio App.3d 513. The appellate court gives due deference to the trial court's findings of fact if they are supported by competent, credible evidence. State v. Borrero, Cuyahoga App. No. 82595,2004-Ohio-4488. This court must construe the statutes strictly against the state when reviewing the legal issues in a speedy trial claim.Brecksville v. Cook, 75 Ohio St.3d 53, 1996-Ohio-171.
 {¶ 9} "The provisions of Ohio Rev. Code Ann. § 2945.71 that accelerate the speedy trial requirements apply only to one held in jail in lieu of bail solely on the pending charges. Where, in addition to the pending charges, a defendant is held for a parole or probation violation, the acceleration of time is not triggered." State v. Thompson (1994),97 Ohio App.3d 183. In analyzing the procedural time-line record of the case, the court of appeals is required to strictly construe any ambiguity in the record in favor of the accused. State v. Johnson (Mar. 8, 2001), Cuyahoga App. Nos. 78097-78099. R.C. 2945.71 states in relevant part that "(C) A person against whom a charge of felony is pending: (2) shall be brought to trial within two hundred seventy days after his arrest." Also, the court triple counts each day the defendant was in jail in lieu of bail solely on the pending charge. R.C. 2945.71(E).
 {¶ 10} In the case sub judice, appellant argues that a parole "holder" was never properly executed because he never received written notice. At the hearing on appellant's motion to dismiss, McCorry testified regarding the procedure when utilizing holders. She explained, "* * * we have a physical handwritten holder which is utilized should a defendant report to us or report to us with an outstanding warrant and another law enforcement agency would like to come get them, we can in fact issue a holder for them." Appellant concludes that because he was arrested and booked on an outstanding probation violation capias, a holder would have been required in order to officially hold him.
 {¶ 11} In support of his position, appellant cites two cases from this district.[4] In Smith, the court found that the defendant was "neither served nor notified about the holder" and therefore affirmed the trial court's dismissal. In this case, however, there is evidence that appellant was notified about the holder. Therefore, Smith is not on point. Additionally, Rembert is distinguishable from the facts at bar.
 {¶ 12} As this court found in State v. Donald, Cuyahoga App. Nos. 81570 and 83947, 2004-Ohio-6848, Rembert involved a bench warrant for a traffic violation, not a parole violation. "There is no `* * * constitutional requirement that the detainee be served with the underlying notice of the charge * * * [in] the parole holder situation.' * * * A probation violation is not dissimilar." State v. Hubbard (1995),104 Ohio App.3d 443, citing State v. Keyse (Sept. 9, 1988), Lake App. No. 12-122, unreported.
 {¶ 13} Further, in State v. Brown (1992), 64 Ohio St.3d 476, the defendant argued that "in the absence of an express finding of fact that a parole holder had been issued, no basis exists for the trial court's denial of his motion to dismiss." In rejecting this argument, the court found that "[t]he transcripts of the hearing on the motion to dismiss and the in-chambers conference on the day of trial provide sufficient evidence of a parole holder."
 {¶ 14} In the case sub judice, the court conducted a hearing and found, "* * * I think that there's no question that he was held on two charges and frankly I'm satisfied that he was told notwithstanding the fact Mr. Canales says he wasn't, he was only told about one, I accept that the routine that's followed here was followed in this case." Further, based on the testimony taken at the hearing on the motion to dismiss, we find no error in the court's conclusion, and find that there existed a valid holder in this case.
 {¶ 15} McCorry was asked, "[i]n your normal course of issuing capiases, when someone is detained, do you normally as the probation officer issue any type of paper?" McCorry answered, "No. The capias holds the defendant pending the disposition of the new case." Counsel continued:
"Q. And is that just an entry in the computer?"
 "A. Yes."
 "Q. So there's no physical paper to be served upon the defendant?"
 "A. No."
 {¶ 16} Further testimony supports the state's position. Ronald Shobert, the administrative warden of the Cuyahoga County Correctional Center, testified:
"Q. And in your experience, Mr. Show better [sic], is there any type ofdocument that is presented to a detain [sic] contain I [sic] or personthat is held in custody through your office?
 "A. Not through book being [sic], no ma'am.
 "Q. Has there ever been any written type of notification system inplace?
 "A. No.
 "Q. Is it fair to say that notification is just verbal?
 "A. To 20,000 plus bookings a year, yes."
 {¶ 17} We find the court properly tolled appellant's time pursuant to R.C. 2945.71 and denied his motion to dismiss. The court's decision was legally justified and supported by the record. Appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Rocco, J., Concur.
[1] Cuyahoga County Court of Common Pleas Case No. CR-410600.
[2] Appellant also violated the terms of his probation on April 16, 2002 by testing positive for heroin, and on August 20, 2002 when he admitted to using heroin.
[3] Cuyahoga County Court of Common Pleas Case No. CR-439571.
[4] State v. Smith (Oct. 18, 1990), Cuyahoga App. No. 59455 and Statev. Rembert (Oct. 19, 1989), Cuyahoga App. No. 55654.