JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Thomas Holbert, appeals his conviction after a jury trial in the Cuyahoga County Court of Common Pleas. Finding no error in the proceedings below, we affirm.
 {¶ 2} Holbert and two co-defendants, Charles Scott and Adam Michael, were charged with three counts of felonious assault with firearm specifications. Holbert's indictment also contained repeat violent offender specifications and notices of a prior conviction. Michael entered into a plea agreement with the state. Michael was allowed to plead guilty to obstruction of justice, in exchange for his testimony against Holbert and Scott. Holbert and Scott pled not guilty, and a jury trial ensued. At the close of the state's case, the state nolled the felonious assault count that named Herman Toney, III as a victim.
 {¶ 3} At trial, the testimony revealed that Scott was related to Herman Toney, Jr. (victim) and Herman Toney, III (son). Scott and the son are cousins and were close at one time. Nevertheless, problems between the two started over a girl named Danielle. Scott continuously called the Toney house, threatening the son and threatening to shoot up the Toney house.
 {¶ 4} On October 30, 2004 at approximately 3:30 a.m., Scott called the house again and spoke with the victim. He was threatening to shoot up the victim's house. The victim told Scott to "come on over." At about 4:00 a.m., Scott called and said he was outside. The victim got dressed and went outside with a glass of tea. His *Page 3 
son followed. Charlene Smith, the victim's daughter, and her boyfriend, Patrick Greaver, came outside, too.
 {¶ 5} The victim testified that he walked up to the passenger's side door of the vehicle and tried to open it, but it was locked. He went around to the driver's side door, where Scott was sitting with a shotgun. Scott had the window partially down. They argued and struggled over the gun. Scott pulled the gun back into the car and pulled away. The victim testified that he threw his glass at the rear window of the car.
 {¶ 6} The victim stated that Scott stopped the car, and Scott and Holbert got out of the car with guns. Both began shooting at the victim. The victim testified that he was running back to his house when he was shot in the back and fell in his driveway. Scott drove away. The victim was treated at Lakewood Hospital and released. The bullet was removed four months later.
 {¶ 7} Michael testified that he was in the backseat of the car when everything happened. He said that there was a lot of yelling and people were throwing things at the car. He testified that Scott did not have a shotgun but that Holbert had a gun. He testified that Holbert got out of the car and shot at the victim. Michael testified that when he first spoke with the police, he lied and said he was not involved.
 {¶ 8} Greaver identified Holbert for the first time at trial. He indicated that Holbert was the passenger who got out of the car and started shooting at the victim. *Page 4 
The victim and his daughter could not identify Holbert because he had a dark hooded sweatshirt on, with the hood pulled up.
 {¶ 9} Holbert was convicted of two counts of felonious assault with firearm specifications, repeat violent offender specifications, and notices of a prior conviction. He was sentenced to a total of seven years in prison. Holbert appeals, advancing four assignments of error for our review. Holbert's first assignment of error states the following:
 {¶ 10} "Whether the trial court erred by denying appellant's motion to dismiss based upon a violation of appellant's speedy trial rights."
 {¶ 11} The Sixth Amendment to the United States Constitution and Article I, Section 10, of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. In Ohio, that right is implemented by the statutory scheme imposing specific time limits in R.C. 2945.71. State v. Pachay (1980), 64 Ohio St.2d 218, 221. The particular rights which that statutory scheme confers attach when a defendant is arrested on criminal charges. They continue so long as those charges remain pending, until his criminal liability is determined by trial or a plea of guilt or no contest.
 {¶ 12} R.C. 2945.71(C)(2) requires the state to bring a person charged with a felony to trial within two hundred and seventy days after the person's arrest, unless the time for trial is extended pursuant to the provisions in R.C. 2945.72. Each day the person is held in jail in lieu of bail on the pending charge is counted as three *Page 5 
days. R.C. 2945.71(E). Pursuant to R.C. 2945.73, a defendant may seek a discharge from criminal liability for a violation of the rights these sections confer.
 {¶ 13} When reviewing a speedy trial question, the appellate court must count the number of delays chargeable to each side and then determine whether the number of days not tolled exceeded the time limits under R.C. 2945.71. State v. Borrero, Cuyahoga App. No. 82595,2004-Ohio-4488, citing State v. Barnett, Fayette App. No. CA2002-06-011, 2003-Ohio-2014. The question of whether the trial court's ruling on a speedy trial issue was correct is a mixed question of law and fact. Id. The appellate court gives due deference to the trial court's findings of fact so long as those findings are supported by competent, credible evidence. Id. Nonetheless, the appellate court must review whether the court applied the law to the facts properly. Id. Furthermore, speedy trial statutes are strictly construed against the state. Brecksville v.Cook, 75 Ohio St.3d 53, 1996-Ohio-171.
 {¶ 14} In Holbert's appellate brief, he "incorporates" the dates set forth in his motion to dismiss that was filed with the trial court; however, no dates were set forth in his motion to dismiss. The summarized dates set forth in Holbert's appellate brief are inaccurate. The transcript of the motion to dismiss includes two dates, and the prosecutor makes reference to numerous dates that pertain to Holbert's co-defendant. The dates in the state's brief are also inaccurate. Finally, the chronology of events in the docket is unclear. It appears that Holbert was arrested on December 9, 2004 and remained in jail until trial; however, a summons and warrant *Page 6 
were issued December 22, 2004 for Holbert's home address. On December 23, 2004, the docket indicates that Holbert is in custody. In addition, it appears from the transcript that Holbert had numerous cases pending against him during the time he was being held in this case, yet the docket and the state fail to set forth when he was indicted on his other cases, which would indicate when his time started running one-for-one. Nevertheless, his attorney indicates that he was on post-release control "since [October] 18" (no year was specified, or whether there was a "holder" placed on him), and his attorney admits "he's classically one-for-one."
 {¶ 15} Although the record before us is confusing, we have determined that Holbert was arrested on December 9, 2004, and remained in jail until his trial finally commenced on January 5, 2006. Keeping in mind that speedy trial statutes are strictly construed against the state, we have determined that Holbert's time was running three-for-one, because he was in jail and according to the docket in this case there were no holders or other cases pending. Thus, the state had ninety days to bring Holbert to trial.
 {¶ 16} As a result, Holbert's time began to run on December 10, 2004, the day after he was arrested, because the day of arrest does not count against the state for purposes of determining whether a criminal defendant's right to a speedy trial has been violated. State v.Pierson, 149 Ohio App.3d 318, 2002-Ohio-4515, at T|14. On December 29, 2004, Holbert filed a motion for bill of particulars, request for evidence, and discovery. This tolled the time until the state responded on February *Page 7 
7 and February 9, 2005, because "[a] demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72." State v.Brown, 98 Ohio St.3d 121, 2002-Ohio-7040, at the syllabus.[1]
Therefore, nineteen days had passed. From February 7 until Holbert's pretrial on February 15, eight more days passed.
 {¶ 17} At the February 15 pretrial, the case was continued at "the request of the defendant" until March 22.[2] The time was tolled from February 15 to March 22, because R.C. 2945.72(H) permits the time limits for trial to be tolled during the period of "any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." Nothing was docketed on March 22, and the next pretrial was not held until April 12; therefore, twenty-one more days passed. On April 12, the case was continued at the request of the defendant until April 28. Again, on April 28 the case was continued at the request of the defendant until May 23, when it was again continued at the request of the defendant until June 1. Thus, time was tolled from April 28 until June 1.
 {¶ 18} The next pretrial was held on June 2 and continued at the request of the *Page 8 
defendant until June 23. Nothing was docketed for June 1 or June 23. The next docket entry was for June 28, and the trial was continued at the request of the defendant until July 18; therefore, six more days passed.
 {¶ 19} Further, nothing was docketed on July 18, and the next entry was for July 22; therefore, four more days passed. On July 22, the trial was continued at the request of the defendant until August 29. On August 29, the trial was continued at the request of the defendant until September 6. On September 6, a pretrial was held and the trial was continued to October 17 at the defendant's request.
 {¶ 20} Holbert's motion to dismiss for speedy trial violation was filed September 19. R.C. 2945.72 provides that "[t]he time within which an accused must be brought to trial, * * * may be extended only by the following: * * * (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused." A motion to dismiss acts to toll the time in which a defendant must be brought to trial. State v. Bickerstaff (1984),10 Ohio St.3d 62, 67. Presumably, because the docket is silent, this motion was heard and denied before the first trial commenced on November 22. The time would be tolled until the date the motion was heard.
 {¶ 21} On November 22, trial commenced. At that point, fifty-nine days had passed, which is well within the ninety-day requirement; therefore, Holbert's speedy *Page 9 
trial rights had not been violated.
 {¶ 22} Nevertheless, on November 22, upon Holbert's own motion, a mistrial was declared during voir dire. The trial was continued at the defendant's request until December 19.
 {¶ 23} In State v. Fanning (1982), 1 Ohio St.3d 19, a mistrial was declared because the jury could not reach a verdict. The Supreme Court of Ohio stated that in situations where the legislature has not expressed its intent for R.C. 2945.71 to apply, the time limitation for bringing the appellant to trial is governed by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. "It is noteworthy that the statute does not include any reference whatever to retrials. The standard to be applied, therefore, is basically reasonableness under federal and state constitutions." Id. at 21.[3]
 {¶ 24} Since the court declared a mistrial, our review now changes to whether the delay in the second trial date was reasonable. "InBarker v. Wingo (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, the court identified four factors to be assessed in determining whether an accused was constitutionally denied a speedy trial: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's *Page 10 
assertion of his right to a speedy trial, and (4) the prejudice to the defendant." State v. Hull, 110 Ohio St.3d 183, 187-188, 2006-Ohio-4252.
 {¶ 25} On December 19, no jurors were available and the trial was continued until January 4, 2006. In State v. Phillips, Cuyahoga App. No. 82886, 2004-Ohio-484, this court stated that "any requests by either the state or the court itself for a continuance are infringements upon the defendant's constitutional right, and, thus, subject to scrutiny; consequently, the grounds for the request must be set forth in a journal entry." State v. Baker (1993), 92 Ohio App.3d 516, 530-531; see, also,State v. Mincy (1982), 2 Ohio St.3d 6, 8. On January 4, 2006, trial was continued until the following day at the state's request because the victim had left the Justice Center. Trial commenced on January 5. On January 9, the jury returned with its verdict.
 {¶ 26} We find that the delay from when the first mistrial was declared and the second trial ensued was reasonable. As a result, Holbert's speedy trial rights were not violated. Accordingly, Holbert's first assignment of error is overruled.
 {¶ 27} Holbert's second and third assignments of error state the following:
 {¶ 28} "Whether the state failed to present sufficient evidence to sustain appellant's convictions."
 {¶ 29} "Whether the appellant's convictions are against the manifest weight of the evidence."
 {¶ 30} Under these two assignments of error, Holbert argues that the state *Page 11 
failed to present competent, credible evidence establishing his identity and that there was no direct evidence of his involvement. He argues that the testimony of Michael, a co-defendant, identifying him as the gunman should not be believed and neither should Greaver's testimony. Holbert contends that his convictions were against the manifest weight of the evidence.
 {¶ 31} When an appellate court reviews a record upon a sufficiency challenge, "`the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" State v. Leonard, 104 Ohio St.3d 54, 67,2004-Ohio-6235, quoting State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 32} In reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Leonard, 104 Ohio St.3d 54, 682004-Ohio-6235 (internal quotes and citations omitted).
 {¶ 33} In the case at bar, the testimony established that the victim was shot by *Page 12 
a handgun and that Holbert had a handgun, while Scott allegedly had a shotgun. Michael was in the car when Holbert exited and shot at the victim. Greaver identified Holbert in court as one of the shooters. Viewing the evidence in a light most favorable to the state, we find that sufficient evidence was presented to establish that Holbert shot the victim.
 {¶ 34} Furthermore, after examining the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of the witnesses, we cannot say that the jury clearly lost its way and created a manifest miscarriage of justice. Accordingly, Holbert's second and third assignments of error are overruled.
 {¶ 35} Holbert's fourth assignment of error states the following:
 {¶ 36} "Whether the trial court erred when it denied the appellant's motion for severance from his co-defendant Charles Scott."
 {¶ 37} Holbert argues that the court erred in joining his case with his co-defendant Scott because the defenses were antagonistic to one another. Holbert also argues that he was prohibited from calling Scott as a witness and that the accumulation of wrongdoing by Scott prejudiced Holbert.
 {¶ 38} The state argues that the trial court did not err because Holbert failed to make a motion to sever, as well as to renew the motion at the close of the evidence. Further, the state contends that it was not plain error for the trial court not to sever the two defendants.
 {¶ 39} Crim.R. 8(B) provides that "two or more defendants may be charged in *Page 13 
the same indictment, information or complaint if they are alleged to have participated in the same act or transaction or in the same acts or transactions constituting an offense or offenses, or in the same course of criminal conduct." Joinder of defendants and the avoidance of multiple trials are favored in the law because it "conserves judicial and prosecutorial time, lessens the not inconsiderable expenses of multiple trials, diminishes inconvenience to witnesses, and minimizes the possibility of incongruous results in successive trials before different juries." State v. Thomas (1980), 61 Ohio St.2d 223, 225;State v. Daniels (1993), 92 Ohio App.3d 473, 484.
 {¶ 40} If a defendant is prejudiced by joinder with other defendants at trial, the court shall grant a severance or provide such other relief as justice requires. Crim.R. 14; Thomas, supra, at 226. To prevail on a claim that the trial court erred in denying a motion to sever, the defendant must affirmatively demonstrate (1) that his or her rights were prejudiced; (2) that at the time of the motion to sever, the defendant provided the trial court with sufficient information so that it could weigh the considerations favoring joinder against the defendant's right to a fair trial; and (3) that given the information provided to the court, it abused its discretion in refusing to separate the charges for trial. State v. Schaim, 65 Ohio St.3d 51, 59, 1992-Ohio-31, citingState v. Torres (1981), 66 Ohio St.2d 340, syllabus. Although the docket does not indicate a motion to sever was filed, Holbert's attorney indicated that prior to trial, he filed a motion for separate trials. Nevertheless, the motion was not *Page 14 
renewed at the close of the case.
 {¶ 41} A Crim.R. 14 motion for severance due to prejudicial misjoinder is waived unless it is renewed at the close of the state's case or at the conclusion of all the evidence. State v. Henry (1983),4 Ohio St.3d 44; State v. Jonas, Athens App. No. 99CA38, 2001-Ohio-2497; State v.Stephens (Dec. 23, 1999), Pickaway App. No. 98CA41; State v.Strobel (1988), 51 Ohio App.3d 31; State v. Owens (1975),51 Ohio App.2d 132. Here, Holbert failed to properly preserve his misjoinder objection.
 {¶ 42} We also note that at the time of the motion to sever hearing, Holbert did not provide the trial court with any information so that it could weigh the considerations favoring joinder against his right to a fair trial. Therefore, we find that the trial court did not abuse its discretion when it failed to sever the trial of Holbert and Scott. Accordingly, Holbert's fourth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 *Page 15 
of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P. J., and PATRICIA ANN BLACKMON, J., concur.
[1] Note that the speedy trial time is not tolled by the state's reciprocal demand for discovery. See State v. Borrero, supra; see, also,State v. Palmer, Portage App. No. 2004-P-0106, 2004-Ohio-6710.
[2] We note that since "the state is not constitutionally required to plea bargain, "State v. Smith, Cuyahoga App. No. 84687, 84688, 84689,2005-Ohio-513; quoting Weatherford v. Bursey (1977), 429 U.S. 545,State v. Jackson (1977), 50 Ohio St.2d 253, requests for continuances are routinely made by the defendant in hopes to secure a better plea than the indictment, or to determine trial strategy.
[3] We note that in State v. Hull, 110 Ohio St.3d 183, 2006-Ohio-4252, the Supreme Court of Ohio, relying on Fanning, held that R.C. 2945.71
(the speedy trial statute) does not apply to criminal convictions that have been overturned on appeal. The time limit for bringing a person to trial whose conviction has been overturned on appeal is governed by theSixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. *Page 1