JOURNAL ENTRY AND OPINION. *Page 3 
{¶ 1} Defendant-appellant Rasheed Smith appeals his conviction from the Cuyahoga County Court of Common Pleas, arguing his speedy trial rights were violated. Finding no error in the proceedings below, we affirm.
 {¶ 2} Smith was arrested on June 22, 2006. He was charged with one count of rape, with firearm, repeat violent offender, and notice of prior conviction specifications; three counts of gross sexual imposition; two counts of kidnapping; two counts of aggravated burglary; two counts of aggravated robbery; and one count of having a weapon while under disability. Smith remained in jail while his case was pending. In addition, he had a parole hold because he was on post-release control for another case.
 {¶ 3} Smith's first attorney filed for discovery on August 9, 2006. On August 11, 2006, Smith's attorney filed a motion to withdraw as counsel. That motion was granted on August 15, 2006, and new counsel was appointed. Smith's second attorney filed for discovery.
 {¶ 4} A pretrial was held on August 29, 2006, and was continued at the defendant's request. The next pretrial was held September 6, 2006. Smith waived his right to speedy trial until December 30, 2006.
 {¶ 5} Several pretrials were held and motions filed during the waiver time period. In addition, Smith retained new counsel and trial was eventually set for January 10, 2007. *Page 4 
 {¶ 6} On January 10, 2007, the court continued the trial until January 19 because the court was in trial on another matter. On Friday, January 19, trial was continued until Monday, January 22 because no jurors were available.
 {¶ 7} On January 22, Smith pled guilty to one count of aggravated burglary with a one-year firearm specification and one count of aggravated robbery with a one-year firearm specification.
 {¶ 8} On January 31, 2007, Smith was indicted on a second case. Thereafter, Smith filed a motion to withdraw his guilty plea, which was granted on February 20, 2007. Eventually, Smith pled guilty to one count of aggravated burglary with a one-year firearm specification and one count of aggravated robbery with a one-year firearm specification in the first case, and one count of aggravated robbery with a three-year firearm specification and one count of having a weapon while under disability in the second case.
 {¶ 9} Smith appeals, arguing that his right to speedy trial was violated in the first case. Smith's sole assignment of error states the following: "An accused's right to a speedy trial is governed by R.C.2945.71, which is strictly construed against the state in all respects; therefore, where the accused makes several requests for discovery, it is the last request, not the first, that tolls the time pursuant to statute." *Page 5 
 {¶ 10} Smith argues that only his last request for discovery should toll his speedy trial rights. The state argues that when Smith pled guilty he waived his right to speedy trial. We agree with the state.
 {¶ 11} The entry of a valid guilty plea under Crim.R. 11 acts as a waiver of an appellant's right to raise the speedy trial issue on appeal. State v. Dunbar, Cuyahoga App. No. 87317, 2007-Ohio-3261, citingState v. Kelley (1991), 57 Ohio St.3d 127, 130.
 {¶ 12} Nevertheless, we note that Smith's speedy trial rights were not violated. Even with the most conservative estimate, not tolling the time for any of defendant's motions, substitutions of counsel, or requests for continuances, his speedy trial time had not run. Smith executed a waiver on September 6, 2006, when only 76 days had expired. Furthermore, Smith had a parole hold, which allows the time to run one for one. SeeState v. Holbert, Cuyahoga App. No. 88016, 2007-Ohio-986. Finally, only eleven more days elapsed before he pled guilty.
 {¶ 13} Smith's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's *Page 6 
conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 CHRISTINE T. MCMONAGLE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1