OPINION *Page 2 
{¶ 1} On July 3, 2007, appellant, David Zamore, was cited for speeding in violation of R.C. 4511.21. A hearing before a magistrate commenced on July 30, 2007. By decision filed same date, the magistrate found appellant guilty, and recommended he pay a fine and costs. By judgment entry filed July 31, 2007, the trial court confirmed and adopted the magistrate's decision.
 {¶ 2} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 3} "THE TRIAL COURT DENIED THE DEFENDANT DUE PROCESS AND A FAIR TRIAL BY RELYING ON INADMISSIBLE EVIDENCE TO SUPPORT A GUILTY VERDICT." (FOOTNOTE OMITTED.)
 II {¶ 4} "THE TRIAL COURT DENIED THE DEFENDANT A FAIR TRIAL BY FAILING TO RECOGNIZE SEIZURE PROTECTIONS AFFORDED BY THE OHIO AND UNITED STATES CONSTITUTIONS." (FOOTNOTE OMITTED.)
 I {¶ 5} Appellant claims the traffic stop was an unlawful seizure because it occurred on private property. Therefore, any evidence from the stop should have been suppressed. We disagree.
 {¶ 6} Crim.R. 12 governs pleadings and motions before trial. Subsection (C)(3) states the following:
 {¶ 7} "(C) Pretrial motions *Page 3 
 {¶ 8} "Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue. The following must be raised before trial:
 {¶ 9} "(3) Motions to suppress evidence, including but not limited to statements and identification testimony, on the ground that it was illegally obtained. Such motions shall be filed in the trial court only."
 {¶ 10} Appellant never filed a motion to suppress. We find the failure to challenge the stop via a pretrial motion bars review on appeal.
 {¶ 11} Assignment of Error I is denied.
 II {¶ 12} Appellant claims the stop was unreasonable because it occurred on private property. We disagree.
 {¶ 13} Crim.R. 19 governs magistrates. Subsection (D)(3)(b) governs objections to magistrate's decision, and subsection (iv) provides the following:
 {¶ 14} "(iv) Waiver of right to assign adoption by court as error onappeal. Except for a claim of plain error, a party shall not assign on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Crim. R. 19(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Crim.R. 19(D)(3)(b)."
 {¶ 15} No objections were filed sub judice. In its judgment entry filed July 31, 2007, the trial court confirmed and adopted the magistrate's decision. Because the entry does not raise issues on its face of a defect in law, we find appellant's failure to file objections to be fatal to his appeal. *Page 4 
 {¶ 16} Assignment of Error II is denied.
 {¶ 17} The judgment of the Municipal Court of Delaware County, Ohio is hereby affirmed.
 Farmer, J. Hoffman, P.J. and Delaney, J., concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Delaware County, Ohio is affirmed. *Page 1