[Cite as *State v. Bush*, 2011-Ohio-5954.]

IN THE COURT OF APPEALS OF GREENE COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee           :       C.A. CASE NO. 10CA82

vs.                                    :       T.C. CASE NO. 06CRB1895

ENOCH BUSH, JR.                        :       (Criminal Appeal from
                                                    Municipal Court)
    Defendant-Appellant          :

. . . . . . . . .

**O P I N I O N**

Rendered on the 18th day of November, 2011.

. . . . . . . . .

Betsy A. Deeds, Atty. Reg. No. 0076747, Asst. Fairborn Pros., 510
West Main Street, Fairborn, OH 45324
    Attorney for Plaintiff-Appellee

Daniel J. O'Brien, Atty. Reg. No. 0031461, 1210 Talbott Tower,
131 N. Ludlow Street, Dayton, OH 45402
    Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1} Defendant, Enoch Bush, appeals from a final judgment that denied his post-sentence motion to withdraw his guilty plea.

{¶ 2} On or about September 7, 2006, Defendant was charged by complaint in Fairborn Municipal Court with one count of sexual imposition, the victim between thirteen and sixteen years of age,

in violation of R.C. 2907.06(A)(4), which is a misdemeanor of the third degree. On March 6, 2007, Defendant entered a plea of guilty as charged and was sentenced to sixty days in jail and fined two hundred and fifty dollars. At the time of sentencing, the State took the position that Defendant had a duty to register as a sexually oriented offender because the victim in this case was thirteen years of age. The trial court took the matter of the registration requirement under advisement and indicated that the court would issue a written decision.

{¶ 3} On June 4, 2007, the trial court issued its written decision requiring Defendant to register as a sexually oriented offender for period of ten years pursuant to R.C. 2950.04. The court sent copies of that decision to Defendant's trial counsel and to Defendant at his last known address. By that time, Defendant had already completed his sentence, including serving the jail term and paying the fine. Over three years later, August 2, 2010, Defendant sent a letter to the trial court asking to withdraw his guilty plea and requesting relief from the sex offender registration requirement.

{¶ 4} After retaining new counsel, on August 24, 2010, Defendant filed a motion to withdraw his guilty plea because he was never advised at the time he entered his plea that as result of his guilty plea he would be required to register as a sex

offender. A hearing was held on August 24, 2010. On November 12, 2010, the trial court overruled Defendant's post-sentence motion to withdraw his guilty plea. In concluding that Defendant failed to demonstrate any manifest injustice, the trial court noted that Defendant had some knowledge about a possible sex offender reporting requirement because that matter was discussed in his presence at the time he entered his guilty plea, that Defendant waited over three years, without explanation, after the court ordered him to register as a sex offender before seeking relief, and that a trial court is not required to advise a defendant about sex offender reporting requirements when accepting a guilty or no contest plea. See: *State v. Cupp*, Montgomery App. Nos. 21176, 21348, 2006-Ohio-1808.

{¶ 5} Defendant appealed to this court.

ASSIGNMENT OF ERROR

{¶ 6} "THIS INDIGENT DEFENDANT WAS DENIED DUE PROCESS OF LAW AND EQUAL PROTECTION OF THE LAW AND WAS INADEQUATELY REPRESENTED BY APPOINTED DEFENSE COUNSEL, WHICH FAILURE WAS CONJOINED IN BY THE TRIAL JUDGE, IN EACH OR BOTH FAILING TO WARN THE DEFENDANT OF ANY OF HIS CONSTITUTIONAL RIGHTS UNDER RULE 11C (b), (c) AND (D); IN FAILING TO FULLY INFORM THE DEFENDANT OF THE EFFECTS OF HIS PLEA OF GUILTY, IN FAILING TO DETERMINE THAT THE DEFENDANT WAS MAKING HIS PLEA KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY; IN

FAILING TO SET ASIDE AND VACATE THE PLEA AFTER THE DEFENDANT'S STATEMENT, WITH 60 SECONDS OF THE PLEA, THAT HE (THE DEFENDANT) DIDN'T DO ANYTHING, THE ALLEGED VICTIM TRIED TO KISS HIM AND HE SENT HER HOME, AND APPOINTED DEFENSE COUNSEL NOT ONLY FAILING TO TELL THE DEFENDANT THAT ONE OF THE EFFECTS OF HIS PLEA WAS MANDATORY REPORTING REQUIREMENTS, WHICH ON THIS RECORD, DEFENSE COUNSEL OBVIOUSLY DID NOT KNOW, AND WHICH OBVIOUSLY THE COURT ITSELF ALSO DID NOT KNOW, LEADING TO EXTREME PREJUDICE AND MANIFEST INJUSTICE VISITED UPON THIS DEFENDANT."

{¶ 7} Defendant argues that the trial court abused its discretion when it denied his post-sentence motion to withdraw his guilty plea because the failure to advise Defendant at the time he entered his plea about the effect of his plea, specifically that he would be subject to sex offender registration and reporting requirements, constitutes a manifest injustice.

{¶ 8} In *State v. Minkner*, Champaign App. No. 2009CA16, 2009-Ohio-5625, we stated:

{¶ 9} "{¶ 24} Crim.R. 32.1 provides that '[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.'

{¶ 10} "{¶ 25} A defendant who files a post-sentence motion

to withdraw his guilty plea thus bears the burden of establishing a 'manifest injustice.' *State v. Smith* (1977), 49 Ohio St.2d 261, paragraph one of the syllabus; *State v. Milbrandt*, Champaign App. No.2007-CA-3, 2008-Ohio-61, at ¶8. A manifest injustice has been defined as 'a clear or openly unjust act' that involves 'extraordinary circumstances.' *State v. Stewart*, Greene App. No. 2003-CA-28,2004-Ohio-574, at ¶6. '[A] "manifest injustice" comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.' *State v. Hartzell* (Aug. 20, 1999), Montgomery App. No. 17499. 'Crim.R. 32.1 requires a defendant making a postsentence motion to withdraw a plea to demonstrate manifest injustice because it is designed "to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe."' *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, at ¶9, quoting *State v. Caraballo* (1985), 17 Ohio St.3d 66, 67.

{¶ 11} "{¶ 26} We review a trial court's decision on a motion to withdraw a guilty plea for an abuse of discretion. *State v. Whitmore*, Clark App. No. 06-CA-50, 2008-Ohio-2226, at ¶38."

{¶ 12} "'Abuse of discretion' has been defined as an attitude

that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87. It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

{¶ 13} "A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *AAAA Enterprises, Inc v. River Place Community Redevelopment* (1990), 50 Ohio St.3d 157, 161.

{¶ 14} Defendant argues that the failure of the court or his counsel to advise him at the time he entered his guilty plea about the effects of that plea, specifically that he would be subject to sex offender registration and reporting requirements, constitutes a manifest injustice and therefore he should be permitted to withdraw his plea. We disagree.

{¶ 15} This court has repeatedly held that a trial court need not inform a defendant about the registration and notification requirements in Ohio Revised Code Chapter 2950 before accepting a plea. *In re C.A.*, Montgomery App. No. 23022, 2009-Ohio-3303, at ¶56; *State v. Cupp*, Montgomery App. Nos. 21176, 21348,

2006-Ohio-1808; *State v. Abrams* (Aug. 20, 1999), Montgomery App. No. 17459. A trial court's failure to do so does not render the plea invalid. *Abrams.* In addition, we have also held that a trial court's failure to comply with Crim.R. 11(C) when taking a plea is not an extraordinary circumstance demonstrating a form of manifest injustice required for Crim.R. 32.1 relief. *Minker*, at ¶29-31. Accordingly, no manifest injustice supporting withdrawal of Defendant's plea has been demonstrated. Thus, the trial court did not abuse its discretion by denying Defendant's motion to withdraw his plea.

{¶ 16} Defendant relies upon our decision in *State v. Powell*, 188 Ohio App.3d 232, 2010-Ohio-3247. Defendant's reliance is misplaced, however, because that case is distinguishable.

{¶ 17} In *Powell*, the defendant pled guilty to voyeurism in violation of R.C. 2907.08(A). The victim of that offense was not a minor child under age eighteen. In accordance with the law in effect at that time, that offense was a presumptively registration-exempt sexually oriented offense, unless the trial court issued a separate order specifically removing the presumptive exemption pursuant to R.C. 2950.021. The trial court did not do that in designating Powell a Tier I sex offender at the time sentence was imposed. Under those circumstances, we found a manifest injustice and ordered the plea vacated.

{¶ 18} Here, unlike in Powell, Defendant did not enter a guilty plea to a presumptively registration-exempt sexually oriented offense. The victim of this offense was not eighteen years of age or older. R.C. 2950.01(D)(1)(e), (P)(1)(a). When the victim is under the age of eighteen, no presumption arises that the offense is exempt from registration. Under those circumstances, the trial court is not required to issue an order specifically removing the presumptive exemption before requiring Defendant to register as a sexually oriented offender.

{¶ 19} Defendant's assignment of error is overruled. The judgment of the trial court will be affirmed.


HALL, J., concurs.

FAIN, J., concurring:

{¶ 20} I agree with everything stated in Judge Grady's opinion for the court. In that opinion, it is noted that we have repeatedly held that a trial court need not inform a defendant about the registration and notification requirements in R.C. Chapter 2950 before accepting a plea. I write separately merely to note that this may change for defendants sentenced after the Adam Walsh Act amendments to R.C. Chapter 2950 (2007 Am.Sub.S.B. No. 10). As a result of *State v. Williams*, 129 Ohio St.3d 324, 2011-Ohio-3374, the registration, notification and verification requirements for

persons classified as sexual offenders under the Adam Walsh Act are not regarded as remedial; they are punitive. Id., ¶ 16, 21. If those requirements are now punitive under R.C. Chapter 2950, then they are part of the penalty for the offense. Consequently, the defendant must be informed of them before his plea of guilty or no contest may be accepted. Crim. R. 11(C)(2)(a).

{¶ 21} But Bush is not subject to the Adam Walsh Act amendments. His registration and notification requirements arise from the previous version of R.C. Chapter 2950 (Megan's Law), and those requirements, being merely remedial, are not part of the penalty for his offense. Accordingly, as a long line of our cases have held, the trial court was not required to inform him of them before accepting his plea.