[Cite as *State v. Elston*, 2012-Ohio-2842.]


IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
PUTNAM COUNTY


STATE OF OHIO,

    PLAINTIFF-APPELLEE,          CASE NO.  12-11-11

    v.

RICHARD E. ELSTON,           O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Putnam County Common Pleas Court
Trial Court No. 2011 CR 32

Judgment Affirmed

Date of Decision:   June 25, 2012


APPEARANCES:

    *Nicole M. Winget*  for Appellant

    *Todd C. Schroeder*  for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Richard Elston, appeals the Putnam County Court of Common Pleas' sentence of five years imprisonment following his plea of guilty to gross sexual imposition. Elston contends his sentence is unsupported by the record. For the reasons that follow, we affirm.

{¶2} On March 4, 2011, a Putnam County grand jury indicted Elston on three counts of rape, violations of R.C. 2907.02(A)(1)(b) and (A)(2) and felonies of the first degree, and two counts of gross sexual imposition, violations of R.C. 2907.05(A)(4) and felonies of the third degree. (Doc. No. 1). The charges stemmed from allegations that Elston had, on multiple occasions, digitally penetrated his stepdaughter's vagina when she was nine and ten years old. (PSI). The victim's sister, who is also Elston's stepdaughter, alleged Elston had inappropriately touched her on several occasions by rubbing her breasts and placing her hand on his penis. (*Id.*).

{¶3} The trial court arraigned Elston on March 8, 2011. (Doc. No. 13). Elston pleaded not guilty to the charges. (*Id.*).

{¶4} On September 2, 2011, Elston changed his plea to guilty to one count of gross sexual imposition pursuant to a plea agreement. (Doc. No. 96). The State dismissed the remaining charges and agreed to remain silent at the sentencing hearing. (*Id.*).

{¶5} The trial court held a sentencing hearing on October 19, 2011. (Doc. No. 105). After hearing two victim impact statements, the trial court found that Elston had a prior felony sex offense conviction, that he had served a prior prison term, that he had used his relationship with the victim to facilitate the offense, that the victim suffered serious harm, that there were multiple victims of Elston's conduct, and that Elston "engaged in multiple sex offense acts over an extended period of time." (*Id*.). The trial court sentenced Elston to five years imprisonment for gross sexual imposition, the maximum sentence for the offense. (*Id*.).

{¶6} Elston filed a notice of appeal on November 10, 2011. (Doc. No. 108). Elston now raises a single assignment of error for our review.

### Assignment of Error

**The trial court erred when imposing a maximum sentence when the sentence was not supported by the record.**

{¶7} In his assignment of error, Elston argues his conduct was not more serious than conduct normally constituting the offense, so the trial court erred when it imposed the maximum sentence.

{¶8} A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record; the sentencing statutes' procedure was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law. *State v. Ramos*, 3d Dist. No. 4-06-24, 2007-Ohio-767,

¶ 23 (the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed under the applicable provisions of R.C. 2953.08(A), (B), and (C) * * *); *State v. Rhodes*, 12th Dist. No. CA2005-10-426, 2006-Ohio-2401, ¶ 4; *State v. Tyson*, 3d Dist. Nos. 1-04-38; 1-04-39, 2005-Ohio-1082, ¶ 19, citing R.C. 2953.08(G). Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus; *State v. Boshko*, 139 Ohio App.3d 827, 835 (12th Dist.2000).   An appellate court should not, however, substitute its judgment for that of the trial court because the trial court is "'clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims.'" *State v. Watkins*, 3d Dist. No. 2-04-08, 2004-Ohio-4809, ¶ 16, quoting *State v. Jones*, 93 Ohio St.3d 391, 400 (2001).

{¶9} Elston pleaded guilty to gross sexual imposition in violation of R.C. 2907.05(A)(5), a felony of the third degree.  (Doc. No. 96).  R.C. 2929.14(3)(a) provides, "[f]or a felony of the third degree that is a violation of section * * * 2907.05 of the Revised Code * * * the prison term shall be twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months."

Here, the trial court sentenced Elston to five years, or sixty months, the maximum sentence within the statutory range. (Doc. No. 105).

{¶10} Elston argues that although his sentence is within the statutory range, the trial court erred by imposing the maximum sentence because it is excessive in light of his offense. As a preliminary matter, we note that Elston was sentenced after the effective date of the revisions to the felony sentencing statutes under H.B. 86. The revised sentencing statutes require, among other things, that the trial court make findings on the record in specific circumstances, such as when imposing a consecutive sentence. *State v. Hites*, 3d Dist. No. 6-11-07, 2012-Ohio-1892, ¶ 11; R.C. 2929.14. However, the trial court is not required to make findings here because Elston was sentenced to prison on a single gross sexual imposition offense. *See* R.C. 2929.14. Consequently, the trial court had the full discretion to sentence Elston to any term of imprisonment within the statutory range. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus. However, the trial court was still required to consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12. *State v. Stone*, 3d Dist. No. 9-11-39, 2012-Ohio-1895, ¶ 10, citing *Foster* at ¶ 36-42.

{¶11} R.C. 2929.12(B) states, in pertinent part:

The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other

relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:

(1)   The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

(2)   The victim of the offense suffered serious physical, psychological, or economic harm as result of the offense.

* * *

(6)   The offender's relationship with the victim facilitated the offense.

Furthermore, the sentence should be reasonably calculated to achieve the overriding purposes of felony sentencing contained in R.C. 2929.11, which are "to protect the public from future crimes by the offender and others and to punish the offender, and shall be commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." *Hites* at ¶ 8.

{¶12} At the sentencing hearing, the trial court reviewed Elston's PSI and the victim impact statements.  (Doc. No. 105).  One of Elston's stepdaughters submitted a statement where she detailed the long-term mental and emotional

injury she suffered as a result of Elston's conduct. (Sentencing Tr. at 12-18). The victim stated that Elston had ruined years of her life, that she was scared to be alone with Elston for the many years while they lived in the same home, that she is afraid he may have hurt her youngest sister, that she is currently unable to trust men, that she feels insecure about herself, and that she does not believe she can live a normal life. (*Id.*). The victims' mother also expressed anger at Elston, stating "you stole my daughters' childhood from them and made them live in fear for so many years," and "[m]y children looked up to you, and you were supposed to be a father figure to them and instead you took advantage of that." (*Id.* at 9). Regarding Elston's sentence, the victims' mother further stated:

> the fact that you took a plea agreement in no way gives justice to my girls. The fact that the maximum is five years is only a slap on the hand for you, considering that from the first time you touched my daughters until they were brave enough to come forward you took ten years from their lives, not to mention the years it will take them to finally move on and put this behind them, if that day ever comes for them. You deserve life for your crimes because that is what you've taken from them.[1]

---

[1] This Court has previously recognized that, during sentencing, there are limits on a trial court's consideration of the allegations that form the basis of charges dismissed pursuant to a plea agreement. *State v. Blake*, 3d Dist. No. 14-03-33, 2004-Ohio-1952, ¶ 5; *State v. Park*, 3d Dist. No. 3-06-14, 2007-Ohio-1084, ¶ 7.

(Sentencing Tr. at 9-10). Elston's PSI indicated that he had served a prior prison sentence for a corruption of a minor conviction, a felony sex offense. (PSI). According to the PSI, Elston repeatedly had sexual contact with his nine-year-old stepdaughter over a two or three year period. (*Id*.). The stepdaughter is currently fourteen years of age and stated that she did not tell anyone about Elston's conduct when it was occurring. (*Id*.).

{¶13} The trial court also questioned Elston regarding his version of the events. (Sentencing Tr. at 18-19). Elston claimed that he accidentally touched one of the victims when he was tickling her and pulled her shorts down. (*Id*. at 19). Elston claimed he did not have any other sexual contact with either of his stepdaughters. (PSI). The trial court stated:

> Well, that simply does not comport with what are the statements of the victims in this case. The Court does not believe your version of events. The Court finds that, first of all, you have served a prison term, you have a prior conviction. You also have, according to the Court's file, a relationship with the victim which facilitated this offense; that the victim suffered serious physical, psychological, or economic harm as a result; that the injury was worsened because of the age of the victims in this offense."

(*Id*. at 19-20).

{¶14} We cannot find that the trial court erred by imposing the maximum sentence for this offense. The trial court's finding that Elston's conduct was more serious than conduct that normally constitutes the offense according to the factors listed in R.C. 2929.12(B) is supported by the record, which demonstrates that Elston was the victims' stepfather and used his relationship to commit the offense, that the victims were children at the time of the offense, and that the victims have suffered serious mental and emotional harm as a result. (PSI). Furthermore, Elston's sentence is consistent with the sentencing purposes provided in R.C. 2929.11 by punishing Elston, protecting the public, and recognizing the seriousness of his offense.

{¶15} Elston's assignment of error is, therefore, overruled.

{¶16} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI and ROGERS, J.J., concur.**

**/jlr**