[Cite as *State v. Wild*, 2012-Ohio-4724.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 98057

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JAMES WILD

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-552243

**BEFORE:** Boyle, J., Blackmon, A.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** October 11, 2012

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, Ohio   44113-2098


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Gregory Mussman
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, J.:

{¶1} Defendant-appellant, James Wild, appeals his sentence, raising the following three assignments of error:

[I.] Defendant was denied due process of law when the court imposed a maximum sentence for a fourth degree felony.

[II.] Defendant was denied his rights under the Sixth Amendment when the court proceeded to sentence defendant based on facts not admitted by defendant at the time of his plea.

[III.] Defendant was denied due process of law when the court did not properly advise defendant concerning the length fo[r] a reporting requirement as a sexual offender.

{¶2} Finding no merit to the appeal, we affirm.

Procedural History and Facts

{¶3} In August 2011, Wild was indicted for two counts of rape and two counts of sexual battery — all four counts carrying sexually violent predator specifications, and one count of kidnapping with a sexual motivation specification. Pursuant to a plea agreement, Wild subsequently pleaded guilty to an amended indictment on a single count of gross sexual imposition, a fourth degree felony.

{¶4} According to the presentence investigation report, the victim — Wild's cousin — stated that she traveled to Cleveland from Florida after her father passed away in July 2011. The victim stated that on July 5, 2011, she picked up her father's ashes and then hung out with Wild in the evening, drinking and reminiscing about "old times." She subsequently fell asleep and awoke to Wild penetrating her vagina. At the plea

hearing, the prosecutor indicated that, despite the evidence in this case, the state was willing to enter an agreement to a reduced count primarily because the victim expressed her desire not to have to return to Cleveland for the trial.

{¶5} According to the presentence investigation report, Wild did not admit to committing the offenses. Instead, Wild stated that he had been drinking and "does not remember anything."

{¶6} On February 28, 2012, the trial court imposed a maximum sentence of 18 months on the single count of gross sexual imposition. Prior to sentencing Wild, however, the trial court considered the presentence investigation report and the victim impact statement. The trial court then detailed on the record why the maximum sentence was appropriate in this case. Specifically, the trial court highlighted the fact that Wild committed the underlying act against his cousin, who was mourning the loss of her father. The trial court further noted that Wild had previously committed an act of domestic violence, which also occurred while he was drinking. And while the trial court recognized that Wild was now seeking treatment for his drinking problem, the court noted that such treatment was not sought until many months following the underlying crime.

{¶7} The court further informed Wild of his duties to register as a sex offender and advised him of postrelease control.

{¶8} The next day, the trial court called Wild back to court in order to have him sign the form that the judge had read at the sentencing hearing concerning his registration requirements as a sex offender. At that time, the trial court also gave Wild's defense

counsel the opportunity to express an objection on the record that he had made in chambers in the presence of the prosecutor following the sentencing hearing. Specifically, Wild's defense counsel objected to the trial court's reference to the victim impact statement at the sentencing hearing and the court's failure to allow him to review it ahead of time. Defense counsel then reiterated that he did not believe that Wild deserved the maximum sentence, that sending him to prison for the maximum sentence prevents Wild from supporting his children, and that the victim "exaggerated" a lot of the complaints in her impact statement.

{¶9} Wild now appeals his sentence, raising three assignments of error.

Maximum Sentence

{¶10} In his first assignment of error, Wild argues that the trial court erred in imposing the maximum sentence on a fourth degree felony. Relying on R.C. 2929.13(B)(1), Wild contends that the trial court was prohibited from imposing a prison sentence and should have imposed a community controlled sanction. The statute provides, in relevant part, as follows:

(B) (1) (a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense or to an offense of violence that is a misdemeanor and that the offender committed within two years prior to the offense for which sentence is being imposed.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

{¶11} Wild, however, fails to recognize that he was convicted of an "offense of violence." R.C. 2907.05, gross sexual imposition, is expressly included in the definition of "offense of violence." *See* R.C. 2901.01(A)(9). Further, Wild was also convicted of misdemeanor domestic violence — also an offense of violence —    that was committed within two years of the underlying offense in this case. *See id.* Thus, the requirement to impose a community controlled sanction under R.C. 2929.13(B)(1) does not apply in this case because Wild did not satisfy the three mandatory conditions.

{¶12} The first assignment of error is overruled.

Victim Impact Statement

{¶13} In his second assignment of error, Wild argues that the trial court should not have considered the victim impact statement, i.e., the letter from the victim, in determining his sentence. He contends that the trial court improperly relied on this statement in reaching the conclusion that a maximum sentence was warranted. But R.C. 2929.19, which sets forth procedures for the sentencing hearing, expressly requires that a trial court judge consider, among other things, "any victim impact statement made" before imposing a sentence. R.C. 2929.19(B)(1). Similarly, R.C. 2947.051(A) specifically states that "[t]he court, in accordance with sections 2929.13 and 2929.19 of

the Revised Code, shall consider the victim impact statement in determining the sentence to be imposed upon the offender."

{¶14} To the extent that Wild is claiming that the trial court improperly relied on facts in the victim impact statement that are false, there is absolutely no proof of this in the record. Indeed, Wild's counsel failed to identify any falsities in the impact statement when given the chance to review it.

{¶15} Finally, as for Wild's general attack on his maximum sentence, we find no basis to conclude that the trial court erred in imposing a maximum sentence in this case. A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record or otherwise contrary to law. *State v. Elson*, 3d Dist. No. 12-11-11, 2012-Ohio-2842, ¶ 8; R.C. 2953.08(G)(2). The appellate court "shall review the record, including the findings underlying the sentence or modification given by the sentencing court. The appellate court may increase, reduce, or otherwise modify a sentence." *Id.*

{¶16} In reviewing a trial court's sentence, we are guided by the principles that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing: (1) "to protect the public from future crime by the offender and others," and (2) "to punish the offender using the minimum sanctions that the court determines accomplish those purposes." R.C. 2929.11(A). The sentence imposed shall also be "commensurate with and not demeaning to the seriousness of the

offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶17} Here, the trial court imposed 18 months in prison on a fourth degree felony sex offense — a sentence within the authorized range and, therefore, not contrary to law. *See* R.C. 2929.14(A)(4). Based on this record, we find that the imposition of the maximum sentence is supported by the record in this case and that the sentence is consistent with the sentencing purposes provided in R.C. 2929.11.

{¶18} The second assignment of error is overruled.

Length of Registration

{¶19} In his final assignment of error, Wild appears to be attacking his guilty plea on the grounds that he was never advised of the length of reporting requirements at the time of his plea hearing. Wild's argument has no merit. Even if the trial court failed to notify Wild at the time of his plea that he would be subject to a 15-year verification period as a Tier I offender, such failure does not negate the plea.

{¶20} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450. We will not reverse such a determination if the trial court substantially complied with the nonconstitutional requirements of Crim.R. 11(C)(2)(a), which includes the maximum penalties. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990),

citing *State v. Stewart*, 51 Ohio St.2d 86, 92-93, 364 N.E.2d 1163 (1977). "Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of the plea and the rights he is waiving." *State v. Williams*, 10th Dist. No. 10AP-1135, 2011-Ohio-6231, ¶ 36.

**{¶21}** Moreover, the failure to comply with nonconstitutional rights does not invalidate a plea unless the defendant suffers prejudice. *Williams* at ¶ 36. "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id*., quoting *Nero* at 108.

**{¶22}** We note that the Ohio Supreme Court has held that, based on the significant changes to the statutory scheme governing sex offenders following the enactment of S.B. 10, R.C. Chapter 2950 is deemed punitive in nature and not remedial. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 16. Contrary to the state's assertion on appeal, this court has recently held that because the requirements of R.C. Chapter 2950 are now punitive, "then they are no longer considered collateral consequences of a conviction. Rather, they are part of the penalty for the offense and must be addressed during a Crim.R. 11 colloquy." *State v. Creed*, 8th Dist. No. 97317, 2012-Ohio-2627, ¶ 16, citing *State v. Bush*, 2d Dist. No. 10CA82, 2011-Ohio-5954, ¶ 20 (Fain, J., concurring).

**{¶23}** Here, the record reflects that the trial court informed Wild that he would be classified as a Tier I sex offender and then detailed all of the reporting requirements. The trial court, however, failed to inform Wild that as a Tier I offender, he was subject to

a 15-year period of having to comply with the notification and registration requirements. Despite this omission, we find that the trial court's advisement prior to accepting Wild's plea substantially complies with Crim.R. 11(C)(2)(a). Notably, upon learning of the reporting requirement at sentencing, Wild never objected nor moved to vacate his plea. On appeal, he now claims that the trial court erred in not informing him of the length of time for reporting. Wild, however, does not even allege, let alone provide any argument, as to how the trial court's omission prejudiced him.

{¶24} Accordingly, the final assignment of error is overruled.

{¶25} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, JUDGE

PATRICIA ANN BLACKMON, A.J., and
MELODY J. STEWART, J., CONCUR