[Cite as *State v. Allen*, 2013-Ohio-258.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97820**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# MICHAEL ALLEN, JR.

DEFENDANT-APPELLANT

## JUDGMENT:
### AFFIRMED IN PART,
### REVERSED IN PART AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-537454

**BEFORE:** Keough, J., S. Gallagher, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** January 31, 2013

**ATTORNEY FOR APPELLANT**

Gregory T. Stralka
6509 Brecksville Road
P.O. Box 31776
Independence, Ohio 44131

**APPELLANT**

Michael Allen, Jr.
No. 601-638
Grafton Correctional Institution
2500 South Avon Belden Road
Grafton, Ohio 44044

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Jesse W. Canonico
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

**{¶1}** This case came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Defendant-appellant, Michael Allen, Jr., appeals his guilty plea, sentence, and sexual offender classification. Finding some merit to the appeal, we affirm in part, reverse in part, and remand.

**{¶2}** In May 2010, Allen was charged in a 29-count indictment arising from inappropriate sexual contact and conduct with a minor from 2004 until 2010. The indictment charged Allen with 19 counts of rape, three counts of gross sexual imposition, two counts of illegal use of a minor in nudity-oriented material, and one count each of kidnapping, abduction, endangering children, witness or victim intimidation, and possession of criminal tools.

**{¶3}** Following numerous pretrials and extensive discovery, Allen entered a plea of guilty to all charges. The trial court sentenced him to a total of 15 years in prison — ten years for kidnapping and each rape count to run concurrently with each other, but consecutive to five years for abduction, illegal use of a minor in nudity-oriented material as charged in Count 25, endangering children, and intimidation. Additionally, the trial court sentenced him to one year for illegal use of a minor in nudity-oriented material as charged in Count 26, possession of criminal tools, and for each gross sexual imposition count, all running concurrent with the other offenses. The trial court also classified Allen as a Tier I, II, and III sex offender under the Adam Walsh Act ("AWA"). The day before filing his appeal with this court, Allen moved the trial court to withdraw his plea, which

was not ruled upon prior to the notice of appeal being filed. Nevertheless, the trial court, after the appeal was filed, denied Allen's motion to withdraw his plea.

{¶4} Allen now appeals his guilty plea, sentence, and sex offender classification, raising a total of ten assignments of error — five in his merit brief and five in his supplemental pro se brief — which will be addressed together and out of order where appropriate.

## I. Plea

{¶5} In his first assignment of error, Allen contends his plea was not made knowingly, intelligently, or voluntarily because he was misinformed at the time of his plea about the sex offender classification consequences. The gravamen of Allen's argument is that because Counts 1 through 14 of the indictment alleged that the date of the offenses occurred prior to the enactment of the AWA, the trial court improperly and retroactively applied and classified him under the AWA. He contends that Megan's Law was the applicable sex offender classification scheme, and thus, his plea was not made knowingly and intelligently. However, Allen ignores that Counts 15 through 29 of the indictment alleged that the date of the offenses occurred after the enactment of the AWA.

{¶6} In 1996, the General Assembly enacted Am.Sub.H.B. No. 180, commonly known as "Megan's Law." The act amended R.C. Chapter 2950 and established a new sex-offender classification and registration scheme. *See State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 7. In 2007, the General Assembly enacted Am.Sub.S.B. No. 10 ("S.B. 10" or "AWA"), which amended various sections of R.C.

Chapter 2950, to implement the federal Adam Walsh Child Protection and Safety Act of 2006. *Id*.

{¶7} The Ohio Supreme Court has held that Senate Bill 10, as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws. *Williams* at syllabus. The Supreme Court recently held that the classification, registration, and community-notification provisions of S.B. 10 may not constitutionally be applied to a sex offender who committed his sex offense between the July 1, 2007 repeal of Megan's Law and the January 1, 2008 effective date of S.B. 10's classification, registration, and community-notification provisions. *In re Bruce S*., Slip Opinion No. 2012-Ohio- 5696, ¶ 12.

{¶8} In this case, Allen was charged under an indictment where the date of the offenses began when Megan's Law was in effect and ended when the AWA was in effect. Therefore, the issue is which registration and classification scheme applies to Allen.

{¶9} The First District Court of Appeals considered a similar issue in *State v. Rucker*, 1st Dist. No. C-110082, 2012-Ohio-185. In *Rucker*, the defendant was charged under an indictment that alleged that the offenses were committed over a period of time that started when Megan's Law was in effect and ended after the enactment of the AWA. The court held that where the indictment alleged an offense committed over a period of time that straddled the enactment date of the AWA, the trial court properly classified the defendant as a sex offender under the AWA because the record contained evidence that the

defendant had committed the offense after the effective date of the statute's classification, registration, and community-notification provisions. *Id*. at ¶ 26.

**{¶10}** Similar to *Rucker*, in this case, the indictment alleges that Allen engaged in sexual conduct and contact with the victim after January 1, 2008. Because Allen pled guilty to committing a sex offense after the effective date of Senate Bill 10's classification provisions, the trial court properly classified him under that statute.

**{¶11}** Our analysis, however, does not end at this point. The Ohio Supreme Court has held that, based on the significant changes to the statutory scheme governing sex offenders following the enactment of S.B. 10, R.C. Chapter 2950 is deemed punitive in nature and not remedial. *Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, at ¶ 16. This court has recently held that because the requirements of R.C. Chapter 2950 are punitive, "then they are no longer considered collateral consequences of a conviction. Rather, they are part of the penalty for the offense and must be addressed during a Crim.R. 11 colloquy." *State v. Creed*, 8th Dist. No. 97317, 2012-Ohio-2627, ¶ 16, citing *State v. Bush*, 2d Dist. No. 10CA82, 2011-Ohio-5954, ¶ 20 (Fain, J., concurring); *see also State v. Wild*, 8th Dist. No. 98057, 2012-Ohio-4724.

**{¶12}** A trial court only needs to substantially comply with the nonconstitutional requirements of Crim.R. 11(C)(2)(a), which includes the maximum penalties. *Id*. at ¶ 12, citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Nero* at 108.

The trial court is not "required to review each of the numerous individual restrictions set forth in R.C. Chapter 2950" in order to substantially comply with Crim.R. 11 in advising a defendant regarding his sexual offender classification. *Creed* at ¶ 16.

{¶13} In this case, we find that the totality of the circumstances indicate that Allen subjectively understood that by pleading guilty to multiple sexually oriented offenses, including 19 counts of rape, he would be subject to certain restrictions as a Tier III sex offender. The court advised Allen that he would be required as a Tier III sexual offender "to register every 90 days for the rest of your life with the sheriff in counties where you reside or go to school." Allen responded that he understood this obligation. The court then advised him that the court would "more fully give you written notice of that when we do the sentencing this afternoon. But you are on notice as to that, and you understand it?" Again, Allen responded that he understood.

{¶14} Also within the plea, the trial court advised Allen that as a Tier II sexual offender, he would be required to register every 180 days for 25 years and as a Tier I sexual offender, he would be required to register annually for 15 years. Each time, Allen stated that he understood the requirements. Additionally, at the end of the plea colloquy, the trial court asked Allen if he was satisfied that he knew his rights and penalties, and Allen responded affirmatively. Defense counsel also stated that he was satisfied that the trial court had met the requirements of Crim.R. 11.

{¶15} The record demonstrates that the trial court substantially complied in advising Allen at the time of his plea that he would be classified as a sex offender under

the AWA, which was the appropriate classification scheme. This finding necessarily renders moot Allen's second assignment of error, in which he argues that the AWA was retroactively and unlawfully applied to him. Furthermore, Allen's third assignment of error, asserting ineffective assistance of trial counsel for failing to object to the classification, is also moot.

{¶16} Accordingly, Allen's first assignment of error is overruled and his second and third assignments of error are overruled as moot.

## II.  Motion to Withdraw Plea

{¶17} In his fourth and fifth assignments of error, Allen contends the trial court erred in addressing his motion to withdraw his plea. He maintains that the trial court lacked jurisdiction to deny his motion to withdraw his plea because an appeal from his convictions was pending with this court. Alternatively, Allen contends that, if the trial court did retain jurisdiction, it failed to conduct a hearing on his motion to withdraw his plea prior to denying it. We agree with Allen that the trial court lacked jurisdiction to rule on Allen's motion because the appeal was pending with this court.

{¶18} The filing of a notice of appeal divests the trial court of jurisdiction to act inconsistently with the appellate court's jurisdiction to review, affirm, modify, or reverse the appealed judgment. *State v. McGettrick*, 40 Ohio App.3d 25, 33, 531 N.E.2d 755 (8th Dist.1988), citing *State, ex rel. Special Prosecutors, v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978). If the trial court had vacated Allen's plea, "it would have resulted in a usurpation of this court's jurisdiction since its action would

have interfered with the power and jurisdiction of this court of appeals to review and to affirm, modify, reverse or remand the case." *Id.*, citing App.R. 12. Therefore, the trial court lacked jurisdiction to consider Allen's motion to vacate or withdraw his plea once the notice of appeal was filed.

{¶19} Accordingly, we sustain Allen's fourth assignment of error and overrule his fifth assignment of error as moot.

### III.   Speedy Trial

{¶20} In the first assignment of error in his supplemental pro se brief, Allen contends that his speedy trial rights were violated.

{¶21} When reviewing a speedy trial question, the appellate court must count the number of delays chargeable to each side and then determine whether the number of days not tolled exceed the time limits under R.C. 2945.71. *State v. Borrero*, 8th Dist. No. 82595, 2004-Ohio-4488, ¶10. Whether the trial court's ruling on the speedy trial question was correct is a mixed question of law and fact. *Id.* We "apply a de novo standard of review to the legal issues but afford great deference to any findings of fact made by the trial court." *State v. Barnes*, 8th Dist. No. 90847, 2008-Ohio-5472, ¶ 17. This court must construe the statutes strictly against the State when reviewing the legal issues in a speedy trial claim. *Brecksville v. Cook*, 75 Ohio St.3d 53, 1996-Ohio-171, 661 N.E.2d 706. If the State has violated a defendant's right to a speedy trial, then the court must dismiss the charges against the defendant. R.C. 2945.73(B).

**{¶22}** R.C. 2945.71 requires the State to bring a felony defendant to trial within 270 days of arrest. Each day a defendant is held in jail in lieu of bond on a pending charge is counted as three days. R.C. 2945.71(E). The time constraints of R.C. 2945.71 may be extended for various reasons, including motions filed by the accused, continuances requested by the accused, the time required to secure counsel for the accused, and reasonable continuances granted other than upon the accused's motion. R.C. 2945.72; *see also State v. Byrd*, 8th Dist. No. 91433, 2009-Ohio-3283 (a defendant's demand for discovery or bill of particulars tolls the speedy trial period for a "reasonable time"); *State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283 (motions filed by the defendant toll the speedy trial period for a "reasonable period" to allow the State an opportunity to respond and the court an opportunity to rule); *State v. Pirkel*, 8th Dist. No. 93305, 2010-Ohio-1858 (sua sponte continuances by the court that are reasonable in necessity or purpose toll the speedy trial period).

**{¶23}** After a careful review of the record and applying the principles set forth above, we find that Allen's right to a speedy trial was not violated. Our calculations show that construing the tolling provisions strictly against the State, at most only 113 days of the 270-day statutory limit had been exhausted by trial.

**{¶24}** Allen was arrested for these offenses on May 10, 2010, and was held until he posted bond on May 15 — this time invokes the triple-count provision (15 days). From May 16 until his arraignment on June 21 another 35 days passed. Thereafter, multiple continuances were taken at Allen's request, a capias was issued for his failure to appear,

discovery motions were filed by the defense, and new counsel was appointed on two different occasions. During this time and up to the trial date scheduled for March 2, 2011, approximately 63 additional days are counted against the State for speedy trial purposes, for a total of 113 days. On March 2, the trial was continued at Allen's request to March 13, where Allen then pled guilty to the indictment.

{¶25} Accordingly, the record demonstrates that Allen's right to a speedy trial was not violated. Having made such determination, we find moot his second supplemental assignment of error contending his sentence is void because his speedy trial rights were violated. Moreover, Allen's third supplemental assignment of error asserting that his trial counsel was ineffective for failing to raise a speedy trial argument is also moot.

{¶26} Allen's first supplemental assignment of error is overruled and his second and third assignments of error raised in his supplemental brief are overruled as moot.

IV. Manifest Weight of the Evidence

{¶27} In his fourth supplemental assignment of error, Allen contends that his conviction for intimidation of a crime witness or victim is against the manifest weight of the evidence. "A plea of guilty is a complete admission of the defendant's guilt." Crim.R. 11(B)(1). Accordingly, "a guilty plea waives a defendant's right to challenge the sufficiency or manifest weight of the evidence." *State v. Hill*, 8th Dist. No. 90513, 2008-Ohio-4857, ¶ 6; *see also State v. Moree*, 8th Dist. No. 90894, 2009-Ohio-472.

{¶28} Allen pled guilty to the indictment, thus waiving his right to challenge his conviction. The fourth supplemental assignment of error is overruled.

## V.   Consecutive Sentences

**{¶29}** In his fifth supplemental assignment of error, Allen contends that his sentence is unlawful because the trial court failed to give its reasoning for imposing consecutive sentences.

**{¶30}** When Allen was sentenced on April 13, 2011, trial courts were not required to perform specific fact-finding prior to imposing consecutive sentences. *See State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768.   That is, trial courts still had the "discretion and inherent authority to determine whether a prison sentence within the statutory range [should] run consecutively or concurrently * * *." *State v. Bates*, 118 Ohio St.3d 174, 2008-Ohio-1983, 887 N.E.2d 328, ¶ 19.

**{¶31}** Although at the time of sentencing in this case the trial court was not required to state express factors for a consecutive sentence, the court's discretion nonetheless was to be guided by consideration of the statutory framework that applies to all felony offenses, including those set forth in R.C. 2929.11 and 2929.12. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 37; *State v. Bonness*, 8th Dist. No. 96551, 2012-Ohio-474, ¶ 8-9.

**{¶32}** The Supreme Court of Ohio has established a two-step procedure for reviewing a felony sentence. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124.   The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is

clearly and convincingly contrary to law." *Id.* at ¶ 4. If this first step is satisfied, the second step requires the trial court's decision to be "reviewed under an abuse-of-discretion standard." *Id.*

**{¶33}** We find that the trial court satisfied the first and second prongs of *Kalish*. The record reflects that the the court "considered all required factors of law" and found that "prison is consistent with the purpose of R.C. 2929.11." Additionally, Allen pled guilty to 19 first-degree felonies. Considering these offenses alone, Allen could have received a maximum sentence exceeding 100 years. Accordingly, Allen's 15-year sentence is not "clearly and convincingly contrary to law."

**{¶34}** We also find that the trial court did not abuse its discretion in its sentencing of Allen. The record reflects that at the time of sentencing the trial court heard from the victim and her family, defense counsel's presentation of mitigating factors, and Allen's allocution, which included statements of remorse and an apology to the victim and her family. In handing down the sentence, the trial court expressed that it was imposing a sentence that would allow the victim and her family to heal, but would also punish Allen for his "horrendous" conduct. Accordingly, we find no abuse of discretion and no merit to Allen's final assignment of error.

**{¶35}** Judgment affirmed in part, reversed in part, and remanded to the trial court to vacate its May 4, 2011 entry denying Allen's motion for withdrawal of plea of guilty filed April 19, 2011.

It is ordered that appellee and appellant split the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

SEAN C. GALLAGHER, P.J., and
KENNETH A. ROCCO, J., CONCUR